## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PAUL REAVES, individually and on )
behalf of a class of all persons and )     Civil Action No. 5:25-cv-453-JD
entities similarly situated, )
                                              )
                 Plaintiff, )
                                              )
vs. )
                                              )
                                              )
WORLDWIDE GOLF SHOPS, LLC )
                                              )
                 Defendant. )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY
## IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

Plaintiff respectfully moves for leave to file the attached proposed Sur-Reply in response to Defendant's Reply in Support of Motion to Dismiss (ECF No. 28). In support thereof, the Plaintiff states:

1.     Defendant's Reply raises new arguments regarding the futility of Plaintiff's proposed claim under the Oklahoma Telephone Solicitation Act of 2022 ("OTSA").

2.     Specifically, Defendant asserts for the first time that Plaintiff's proposed OTSA claim would be futile because the messages were not sent via an "autodialer" and did not fall within OTSA's scope.

3.     However, the OTSA broadly prohibits the use of "an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called." Okla. Stat. tit. 15 § 775C.3(A). Unlike the

federal TCPA's narrow "random or sequential number generator" requirement, this definition plainly encompasses Defendant's text messaging campaign, which used automated selection and dialing technology.

4.    Because Defendant raised the futility argument for the first time in its Reply, Plaintiff should be afforded an opportunity to respond. A limited Sur-Reply is necessary to correct the record and demonstrate that amendment to add an OTSA claim is not futile.

5.    Furthermore, the Defendant's argument that texts are not calls relies on several flawed arguments that require response. Defendant's Reply advances arguments that go beyond its Motion to Dismiss. Although Plaintiff's Opposition already explained why *Jones* and *Davis* misread the statute, Defendant now elevates those outlier cases into the centerpiece of its Reply and recasts them as evidence of a "growing consensus" that § 227(c)(5) excludes texts. More significantly, Defendant newly asserts (1) that *McLaughlin* eliminates all deference to the FCC, and (2) that the FCC's interpretation of "call" applies only to § 227(b), not to § 227(c). Those are new arguments, and they misstate the law. A limited sur-reply is therefore necessary to correct the record.

6.    The Plaintiff's proposed Sur-Reply addresses those issues.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the proposed 5-page Sur-Reply, attached hereto as Exhibit A.

1

Dated: September 17, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com

2