# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WORLDWIDE GOLF SHOPS, LLC )<br><br>Defendant. ) | Civil Action No. 5:25-cv-453-JD |

### [PROPOSED] SUR-REPLY IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

Defendant's Motion to Dismiss should be denied for a more fundamental reason: Plaintiff has already stated a valid claim under the federal TCPA. The Supreme Court has made clear that text messages are "calls" within the meaning of the statute. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016); see also *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Defendant's attempt to avoid this result by recasting the statute's scope or importing new limitations runs counter to both binding authority and the statute's remedial purpose. The TCPA was enacted to curb intrusive marketing practices, and its protections extend to the precise conduct alleged here. Even apart from Plaintiff's proposed OTSA amendment, the operative Complaint is independently sufficient to state a claim and withstand dismissal.

However, Defendant's Reply raises new arguments that require correction. Defendant contends that Plaintiff's proposed claim under the Oklahoma Telephone Solicitation Act of 2022 ("OTSA") would be futile because the challenged text messages were not sent using an "autodialer". This argument, offered without any support, misstates the law and undermine the remedial purpose of the statutes at issue.

The OTSA was enacted in 2022 precisely to close the loophole created by *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), and its text broadly prohibits the use of any "automated system for the selection or dialing of telephone numbers." Okla. Stat. tit. 15 § 775C.3(A). Defendant's text campaign, which involved multiple automated solicitations to Plaintiff's cellular phone, falls squarely within this prohibition. Oklahoma's Legislature intended OTSA to preserve strong consumer protections against the very practices at issue here.

Moreover, OTSA—like the federal TCPA—is a remedial consumer-protection statute that must be construed liberally to effectuate its purpose of safeguarding consumer privacy. Both Congress and the Oklahoma Legislature recognized the unique privacy harms posed by unsolicited telemarketing, whether in the form of robocalls or text messages and the statute should be interpreted accordingly.

Finally, Defendant's futility argument ignores the liberal amendment standard of Federal Rule of Civil Procedure 15. Leave to amend should be "freely given" absent undue delay, bad faith, or clear futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's allegations plausibly state an OTSA claim; any dispute over the precise nature of Defendant's dialing system is a factual matter for discovery, not dismissal.

For these reasons, and as explained further below, Plaintiff's proposed OTSA claim is not futile, and leave to amend should be granted.

## Argument

### I. OTSA's Autodialer Prohibition Squarely Covers Defendant's Conduct

Defendant argues that Plaintiff's proposed OTSA claim would be futile because the texts at issue were not sent via an "autodialer." That argument ignores the statute's plain text. OTSA prohibits the use of *"an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called."* Okla. Stat. tit. 15 § 775C.3(A). Unlike the TCPA post-*Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), which limited the ATDS definition to systems using random or sequential number generators, OTSA applies to any automated system that selects or dials numbers. Courts construing similar state statutes have recognized this broader reach. See *Turizo v. Subway Franchisee Advertising Fund Tr. Ltd.*, 603 F. Supp. 3d 1333, 1339 (S.D. Fla. 2022) (FTSA's "automated system" covers stored-list dialing); *Pariseau v. Built USA, LLC*, No. 21-cv-60680, 2022 WL 3139243, at *4 (S.D. Fla. Aug. 5, 2022) (denying dismissal under FTSA where complaint alleged automated texting).

Like the TCPA, OTSA is a remedial consumer-protection statute. Remedial statutes are construed broadly to effectuate their purpose. *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 782 P.2d 915, 919 (Okla. 1989). The Supreme Court has emphasized that the TCPA is a "remedial statute" that must be construed in favor of consumers. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 385 (2012); *Gager v. Dell Fin. Servs., LLC*, 727

3

F.3d 265, 271 (3d Cir. 2013). OTSA should be interpreted with the same breadth, ensuring that consumers' privacy rights are fully protected.

Plaintiff's allegations that Worldwide Golf sent multiple texts through an automated system are more than sufficient to plead a claim. See *Keim v. ADF Midatlantic, LLC*, 199 F. Supp. 3d 1362, 1366–67 (S.D. Fla. 2016) (allegations of automated texting adequate to survive dismissal).

Finally, Defendant's futility argument misstates the governing standard. Rule 15 embodies a liberal policy favoring amendment, and leave should be denied only upon a showing of undue delay, bad faith, or clear futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). At this stage, Plaintiff's well-pled allegations that Defendant used an automated system must be accepted as true, and factual disputes over the precise nature of Defendant's texting platform are not grounds for dismissal. See *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (dismissal inappropriate unless "patently obvious" plaintiff could not prevail). Because Plaintiff's OTSA claim is at least plausible, amendment is not futile, and leave should be granted.

**II. Defendant's Narrow Reading of "Call" Misstates the Statute and Conflicts with the FCC's Interpretation**

Defendant's Reply relies on *Jones* and *Davis* to argue that text messages are not "calls" under § 227(c)(5). Those decisions are unpersuasive because they apply the wrong interpretive lens. As the Supreme Court has explained, courts must give statutory terms their ordinary meaning at the time of enactment—not rely on "modern intuition"

4

about present-day usage. *New Prime Inc. v. Oliveira*, 586 U.S. 105, 114–16 (2019). In 1991, "call" meant "to communicate or try to communicate with a person by telephone." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 (9th Cir. 2009) (citing Webster's College Dictionary (1991); OED (1989)). That ordinary meaning encompasses a text to a cellular phone. While it may sound odd to modern ears to call a text a "call," statutes are governed by the meaning Congress adopted in 1991. See *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998).

Statutory context confirms this breadth. Section 227(a)(4) defines "telephone solicitation" as a "telephone call or message," language that plainly covers texts. Section 227(b)(1)(A) likewise prohibits "calls" to a "paging service"—a device that in 1991 usually displayed numeric or text messages as discussed in the Plaintiff's opposition. Section 227(c)(1)(D) uses "calls" by cross-reference to the "telephone solicitation" definition, again showing Congress employed "call" in its broader sense. Nothing in the TCPA suggests "call" should splinter in meaning across subsections. See *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023) (same term presumed to have consistent meaning). The FCC has likewise rejected the "anomalous" notion that "call" could mean text in § 227(b) but not in § 227(c). 38 FCC Rcd. 12247, 12256–57 ¶¶ 26–27 (2023).

Defendant also contends that *McLaughlin* eliminated all deference to the FCC. Not so. The Court explained that judges must "interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146, 168 (2025). Even after *Loper Bright*, courts defer where Congress expressly

5

delegates authority to fill in statutory details. 603 U.S. 373, 395 (2024). Section 227(c) is such a delegation: it directs the FCC to craft rules "most effective and efficient to accomplish the purposes of this section," considering their "effectiveness in protecting privacy rights." 47 U.S.C. § 227(c)(1)(A), (E). Congress expected the FCC to address evolving technologies, and its reasoned judgment that texts are "calls" merits judicial respect. *See Pickens v. Hamilton-Ryker IT Sols., LLC*, 133 F.4th 575, 587–88 (6th Cir. 2025); *U.S. Telecom Ass'n v. FCC*, 825 F.3d 674, 718 (D.C. Cir. 2016).

## Conclusion

For all these reasons, Defendant's Motion to Dismiss should be denied. Plaintiff has alleged conduct that strikes at the core of the TCPA: repeated, unwanted marketing texts sent to a number on the National Do Not Call Registry. The statute's plain text, its legislative purpose, and the FCC's authoritative interpretation all confirm that text messages are "calls." To hold otherwise would strip millions of consumers of the protections Congress promised and create a loophole large enough to swallow the statute.

The weight of authority—including the Supreme Court's recognition in *Campbell-Ewald* and the Ninth Circuit's reasoning in *Satterfield*—makes clear that texts are calls. The contrary decisions Defendant cites misapply statutory interpretation: words must be read according to their ordinary meaning at the time of enactment. In 1991, "call" simply meant reaching someone by telephone, whether by voice or by message.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and grant leave to amend to assert a claim under OTSA, ensuring that the critical privacy protections embodied in both statutes remain fully enforceable.

Dated: September 19, 2025

/s/ *Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com