IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of all persons and entities similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:25-CV-00453-JD |
| WORLDWIDE GOLF SHOPS LLC, | § § § | |
| Defendant. | § | |

### DEFENDANT WORLDWIDE GOLF SHOPS LLC'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY AND BRIEF IN SUPPORT

Defendant Worldwide Golf Shops LLC ("WGS") files this response in opposition to the Motion for Leave to File Sur-Reply in Opposition to the Defendant's Motion to Dismiss ("Motion," ECF No. 30) filed by Plaintiff Paul Reaves ("Plaintiff") and shows:

### I.     INTRODUCTION

On August 1, 2025, WGS filed its Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("Second MTD," ECF No. 23), and Plaintiff responded in opposition ("Response," ECF No. 27). For the first time in that Response, Plaintiff argued that he should be granted leave to assert a new claim under the Oklahoma Telephone Solicitation Act ("OTSA"), a state law analogue to the Telephone Consumer Protection Act ("TCPA"). *See* Response, pp. 29–30. WGS addressed this newly raised argument in its Reply in Support of Motion to Dismiss ("Reply," ECF No. 28).

Plaintiff now appears to renew and expand upon his arguments in favor of an OTSA

claim—even though no such claim is presently before the Court.  Because Plaintiff has had ample opportunity to amend his pleadings, and because the issues have been fully briefed in the Second MTD, Response, and Reply, Plaintiff's Motion should be denied.

## II.   ARGUMENT

The Court should reject Plaintiff's backdoor attempt at a Motion for Leave to File Second Amended Complaint to avoid dismissal. A sur-reply is appropriate only to address new arguments raised in a reply brief. It is not a vehicle to introduce new claims or legal theories. Plaintiff's proposed sur-reply substantively advocates for his new OTSA claim, which is properly the subject of a motion to amend under Rule 15.

"[D]enial of leave is generally justified only for '**undue delay**, undue prejudice to the opposing party, bad faith or dilatory motive, **failure to cure deficiencies by amendments previous allowed**, or **futility of amendment**." *Leatherwood v. Rios*, 705 F. App'x 735, 740 (10th Cir. 2017) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)) (emphasis added). "Leave to amend may also be denied for undue delay when the **moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend**." *Leatherwood*, 705 F. App'x 735 at 740. Where Plaintiff "**failed to include them in his original or first amended complaint, the motion to amend is subject to denial**." *Id* (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Moreover, amendment is futile where a "plaintiff is using Rule 15 to **make the complaint 'a moving target,'** or to '**salvage a lost case by untimely suggestion of new theories of recovery**[.]'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Viernow v. Euripides*

*Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001)) (emphasis added).

Here, Plaintiff attempts to raise an OTSA claim in an attempt to salvage his lost TCPA claim.[1] Indeed, Plaintiff's OTSA claim is predicated entirely on the same facts as his TCPA claim; however, he chose not to raise the OTSA claim in his original Class Action Complaint [ECF No. 1] or First Amended Class Action Complaint [ECF No. 21]. Thus, any basis—undue delay, failure to cure deficiencies by amendments previously allowed, or futility of amendment—is a sufficient, independent basis for the Court to exercise its discretion and deny leave.[2] Moreover, allowing Plaintiff to assert a new claim at this stage—after two rounds of briefing and without a formal motion to amend—would prejudice Defendant by requiring additional briefing.[3]

Finally, contrary to Plaintiff's assertion, WGS does not advance new arguments that go beyond its Second MTD. As previously stated, "prior FCC guidance, which established settled TCPA principles—**such as whether text messages are "calls,"** whether a "called

---

[1] Contrary to Plaintiff's argument, WGS has previously raised a futility argument several times. *See* Motion to Dismiss [ECF No., 20], pp. 19–20; Second MTD, pp. 19–20; Reply, pp. 9–10.

[2] Once the permissive period under Federal Rule of Civil Procedure 15(a) has expired, granting leave to amend lies within the Court's discretion and will not be overturned absent a clear abuse of discretion or a decision that exceeds the bounds of permissible choice. *Nieto v. Kapoor*, 268 F.3d 1208, 1221 (10th Cir. 2001). WGS further incorporates its argument that Plaintiff's OTSA claim is also substantively futile. *See* Reply, pp. 9–10.

[3] Plaintiff's delay in asserting the OTSA claim, despite having full knowledge of the underlying facts, underscores the strategic nature of this request and the risk of turning the pleadings into a moving target.

party" means the intended recipient of the call or the current subscriber of the number, and whether a cellular number constitutes a "residential telephone"—must now be independently interpreted by the Court using ordinary principles of statutory interpretation." *See* Second MTD, p. 8 (emphasis added).[4] Additionally, it was Plaintiff that attempted to preempt citations to *Jones* and *Davis* in his Response, opening the door for WGS to correct Plaintiff's flawed attempts at distinguishing these cases in its Reply.[5] In any event, these cases—as well as the Court's role post-*McLaughlin* are fully briefed in the Second MTD, Response, and Reply such that a sur-reply is entirely unnecessary.

### III.    CONCLUSION AND PRAYER

As set forth above, WGS respectfully requests that the Court deny Plaintiff's Motion. Plaintiff's request is not a genuine effort to address new arguments, but a strategic attempt to salvage a deficient TCPA claim through improper procedural means. The Court should reject this attempt to circumvent Rule 15 and decline to consider the proposed OTSA claim. WGS further requests such other and further relief to which it may be entitled.

---

[4] Additionally, Footnote 5 argues that text messages are limited to Section 227(b) not Section 227(c). *See* Second MTD, p. 9. Plaintiff's assertion that Defendant seeks a broad ruling regarding text messages beyond the statutory scope of Section 227(c) is a blatant mischaracterization in an attempt to mislead this Court.

[5] In fact, *Davis* had yet to be decided at the time WGS filed its Second MTD.

        Respectfully submitted,

        JACKSON LEWIS P.C.

      By: */s/ Michael J. DePonte*
        Michael J. DePonte
        OBN 35022
        Michael.DePonte@jacksonlewis.com
        500 N. Akard Street, Ste. 2500
        Dallas, TX 75201
        PH: (214) 520-2400
        FX: (214) 520-2008

      **ATTORNEY FOR DEFENDANT**
      **WORLDWIDE GOLF SHOPS LLC**

## CERTIFICATE OF SERVICE

 I hereby certify that on the 22nd day of September, 2025, the undersigned counsel filed the foregoing document through CM/ECF system, requesting that the following counsel be served by electronic means:

| | |
|---|---|
| Matthew D. Alison | Anthony I. Paronich, *Subject to Pro Hac Vice* |
| OBN 32723 | |
| Indian and Environmental Law Group, PLLC | Paronich Law, PC |
| | 350 Lincoln St, Ste 2400 |
| 233 S. Detroit, Ste 200 | Hingham, MA  02043 |
| Tulsa, OK  74120 | T (508) 221-1510 |
| T (918) 347-6169 | anthony@paronichlaw.com |
| matthew@iaelaw.com | |

*Attorneys for Plaintiff Paul Reaves, individually and on behalf of a class of all persons and entities similarly situated*

      By: */s/ Michael J. DePonte*
        Michael J. DePonte