## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PAUL REAVES, individually and on )
behalf of a class of all persons and )    Civil Action No. 5:25-cv-453-JD
entities similarly situated, )
)
         Plaintiff, )
)
vs. )
)
)
WORLDWIDE GOLF SHOPS, LLC )
)
        Defendant. )

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

      Defendant's opposition confirms why a short sur-reply is warranted. Its Reply raised, for the first time, (i) a futility attack on Plaintiff's proposed OTSA claim based on a narrow "autodialer" reading, and (ii) new post-*McLaughlin* merits arguments that the FCC's "texts = calls" interpretation does not apply to § 227(c) and that cases like *Jones* and *Davis* reflect a "growing consensus." Those are new issues beyond the four corners of the motion and required a limited sur-reply to correct the record.

      First, the central dispute raised in Defendant's Reply is its renewed attempt to distance § 227(c) from the FCC's interpretation that text messages are "calls." That position is inconsistent with the overwhelming majority of case law as recently as last Friday in *Bosley v. A Bradley Hospitality LLC*, No. 25-cv-22336-BLOOM (S.D. Fla. Sept. 18, 2025). There, Judge Bloom squarely reaffirmed that "[a] text message to a cell

phone qualifies as a 'call' under the TCPA" and that unwanted texts—whether styled as advertisements or solicitations—are actionable under § 227(c). The court rejected the same arguments Defendant presses here and *Bosley* thus directly forecloses Defendant's Reply position and demonstrates why a short sur-reply is appropriate: to address this intervening authority and ensure the Court has the benefit of the most recent, directly relevant ruling.

The issues Plaintiff seeks to answer are narrow and crystallized by Defendant's Reply. They involve (1) whether Oklahoma's OTSA encompasses "any automated system for the selection or dialing of telephone numbers," a materially broader scope than the post-*Facebook* TCPA definition, and (2) how the FCC's interpretation that texts are "calls" applies across § 227 in light of *McLaughlin* and now *Bosley*. These are discrete questions that Defendant raised late and that the proposed five-page sur-reply addresses precisely. Far from a "backdoor amendment," the sur-reply ensures the record reflects controlling law and a fair opportunity to respond to new arguments.

Dated: September 22, 2025

<div style="margin-left:40%">

/s/ Anthony I. Paronich
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200

</div>

1

Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com