IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLDWIDE GOLF SHOPS, LLC<br><br>Defendant. | Civil Action No. 5:25-cv-453-JD |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE LETTER BRIEF**

Plaintiff respectfully opposes Defendant's Motion for Leave to File Letter Brief (ECF No. 33). The Court should deny this request because it is procedurally improper, internally inconsistent with Defendant's prior positions, and substantively unnecessary.

On September 25, 2025, Defendant attempted to bypass this Court's rules by emailing chambers with a "letter brief" and attachments addressing Plaintiff's citation to *Bosley v. A Bradley Hospitality LLC*, No. 25-cv-22336-BLOOM (S.D. Fla. Sept. 18, 2025). The Court's deputy clerk correctly rejected the submission, explaining that such correspondence was "not the proper way to bring such information to the Court's attention" and instructing counsel to comply with LCvR 7.1(h). Defendant has now refiled the same unauthorized material as a motion for leave.

1

The reason Defendant likely attempted such a tactic was because the Defendant's position is strikingly inconsistent. When Plaintiff moved for leave to file a narrowly tailored sur-reply (ECF No. 32) to address new arguments first raised in Defendant's Reply (ECF No. 28), Defendant opposed that request and insisted that the briefing was complete. Yet Defendant now seeks its own round of supplemental briefing to address *Bosley*. Defendant cannot fairly oppose Plaintiff's limited sur-reply while simultaneously asking the Court to indulge its own filing.

Even on the merits, Defendant's argument is misplaced. Defendant contends that *Bosley* is irrelevant because the court did not expressly cite *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025). But Judge Bloom did not defer to the FCC; instead, she independently analyzed the statute and held unequivocally that "[a] text message to a cell phone qualifies as a 'call' under the TCPA," and that unwanted texts—whether styled as solicitations or advertisements—are actionable under § 227(c). That holding is directly contrary to Defendant's position and is entirely consistent with the prevailing authority across jurisdictions and the Plaintiff's position here. Defendant's attempt to dismiss *Bosley* as irrelevant simply because it did not cite *McLaughlin* is a red herring. The substantive point—that text messages fall squarely within the TCPA's protections—remains controlling and is precisely why Plaintiff cited *Bosley* in reply.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave to File Letter Brief (ECF No. 33).

Dated: October 1, 2025

                         */s/ Anthony I. Paronich*
                         Anthony I. Paronich, *Pro Hac Vice*
                         Paronich Law, P.C.
                         350 Lincoln Street, Suite 2400
                         Hingham, MA 02043
                         (508) 221-1510
                         anthony@paronichlaw.com

                         Matthew Alison, OBA 32723
                         Indian and Environmental Law Group, PLLC
                         233 S. Detroit, STE 200
                         Tulsa, OK 74120
                         Tel: (918) 347-6169
                         matthew@iaelaw.com