IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of all persons and entities similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:25-CV-00453-JD |
| WORLDWIDE GOLF SHOPS LLC, | § § § | |
| Defendant. | § | |

**DEFENDANT WORLDWIDE GOLF SHOPS LLC'S
RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY AND BRIEF IN SUPPORT**

Defendant Worldwide Golf Shops LLC ("WGS") files this response in opposition to the Motion for Leave to File a Notice of Supplemental Authority ("Motion," ECF No. 35) filed by Plaintiff Paul Reaves ("Plaintiff") and shows:

### I.  ARGUMENT

#### A. PLAINTIFF'S MOTION MISCHARACTERIZES THE SCOPE OF JUDICIAL SUPPORT.

Plaintiff's Motion inaccurately suggests that the argument—that text messages do not fall within the ambit of Section 227(c) of the Telephone Consumer Protection Act ("TCPA")—has been definitively resolved by recent authority. Plaintiff makes this claim by stating that "[t]hose positions, however, have now been considered by other federal courts, and recent decisions confirm that the protections of Section 227(c) apply to text messages," thereby claiming that several federal courts have considered the issue and implying a uniform judicial consensus. Plaintiff goes further, claiming that "new decisions"

and "subsequent authority" have produced several "recent opinions" that override recent, contrary persuasive authority. This characterization is inaccurate and overstates the breadth of judicial support for Plaintiff's position.[1]

To be clear, Plaintiff's Motion and the corresponding proposed Notice of Supplemental Authority [ECF No. 35-1] identify only a single additional case that Plaintiff claims supports his position. Contrary to how it is represented in the Motion, this is the only case Plaintiff has presented to the Court in this litigation that could, arguably, support one of Plaintiff's arguments, as it was decided post-*McLaughlin* and actually addresses Section 227(c) in the context of text messages.[2] By contrast, WGS has identified a growing body of post-*McLaughlin* authority rejecting Plaintiff's position. As of the filing of Plaintiff's Motion, there are two such decisions—*Jones v. Blackstone Med. Servs., LLC*, No. 1:24-cv-01074-JEH-RLH, 2025 U.S. Dist. LEXIS 138371 (C.D. Ill. July 21, 2025), and *Davis v. CVS Pharmacy, Inc.*, No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366 (N.D. Fla. Aug. 26, 2025)—each of which rejects the applicability of Section 227(c) to text messages. These decisions outnumber Plaintiff's lone authority.

---

[1] As set forth in WGS's Reply in Support of Motion to Dismiss [ECF No. 28] and Letter Brief [ECF No. 33-1], Plaintiff has cited a number of cases that are distinguishable or inapplicable to the specific legal question at issue. This approach appears intended to present a volume of citations rather than directly relevant authority.

[2] Plaintiff has also previously cited to *Wilson v. Skopos Fin., LLC*, 2025 WL 2029274 (D. Or. July 21, 2025), but that decision is readily distinguishable. Although *Skopos* was decided after *McLaughlin*, the briefing in that case predated the decision in *McLaughlin*, and the court's order neither mentioned nor applied the *McLaughlin* framework. Instead, the *Skopos* court relied heavily on prior FCC guidance and pre-*McLaughlin* case law, rendering its analysis outdated and unpersuasive.

**B.    *WILSON V. MEDVIDI* IS FACTUALLY AND LEGALLY INAPPOSITE.[3]**

Plaintiff's reliance on *Wilson v. Medvidi, Inc.* is misplaced. The decision is both factually distinguishable and analytically flawed.

### 1.  *Medvidi* Is Factually Inapposite.

In *Medvidi*, the plaintiff <u>*personally registered*</u> his phone number on the National Do Not Call Registry and actively attempted to stop the messages by replying "STOP." Here, Plaintiff does not allege—and cannot allege—personal registration of the number at issue; a fact fatal to his claim here. Moreover, the present matter involves a reassigned number: the prior subscriber registered the number in 2017 and provided consent to receive communications from WGS in 2020 thereby superseding the prior registration on the registry. Plaintiff claims to have acquired the number afterward but offers no allegation of personal registration or any effort to revoke consent. These factual differences are material and render *Medvidi* inapplicable.

### 2.  The Northern District of California's Reasoning in *Medvidi* Conflicts with the Statutory Text.

Even assuming *Medvidi* were factually relevant, which it is not, the reasoning adopted by the Northern District of California does not withstand scrutiny. Although the court purported to apply a plain reading of the TCPA consistent with *McLaughlin*, it cited that decision only briefly and failed to conduct the kind of rigorous textual analysis

---

[3] Notably, *Wilson v. Medvidi, Inc.* was also brought by one of Plaintiff's counsel in this case and is among several hundred TCPA actions brought by the same attorney in recent years. Given the volume of filings, it is statistically unsurprising that one decision may arguably support one of Plaintiff's arguments.

*McLaughlin* requires. Instead, the court relied heavily on prior FCC guidance and pre-*McLaughlin* case law to conclude that the term "call" includes "text message" under Section 227(c).

This conclusion is not supported by the statute's structure, which draws clear distinctions between "calls," "messages," and "telephone solicitations" across multiple provisions. The *Medvidi* court sidestepped the absence of the term "text message" in Section 227(c) by asserting that text messaging did not exist in 1991. And in doing so, the court tacitly conceded that the statutory language does not expressly encompass text messages. Moreover, the court attempted to legitimatize its efforts at conducting an independent interpretation of the statute using ordinary principles of statutory interpretation by claiming it examined the entirety of the TCPA and found that "nothing in the text, structure, or purpose of the TCPA suggests the distinction between written and oral communications that Defendant urges the Court to adopt." But that is not a distinction the *Medvidi* defendant asked the court to adopt—it is one Congress already made.

Had the court conducted a proper textual analysis, it would have recognized that the TCPA uses distinct terminology throughout:

- **Section 227(a)(4):** Defines "telephone solicitation" to include both a "telephone call" and a "message," indicating Congress did not treat the terms as interchangeable.

- **Section 227(b):** Uses "call" or "telephone call" in regulating autodialed and prerecorded voice communications. "Message" appears only in reference to artificial or prerecorded voice messages.

- **Section 227(c)(5):** The provision under which Plaintiff sues, references only "telephone call," and omits "message," "telephone solicitation," "text message," "SMS," or "MMS."

- **Section 227(d):** References "Message" in the context of faxes and artificial/prerecorded voice messages, not texts.

- **Section 227(e):** Specifically defines "text message," "short message service (SMS)," and "multimedia message service (MMS)," demonstrating Congress's awareness of these technologies and its ability to include them when intended.

- **Sections 227(i)–(j):** Explicitly adopt the definition of "text message," reinforcing that Congress knows how to incorporate such language when it chooses to.

Thus, the absence of any reference to "text message" in Section 227(c) is not an oversight—it reflects a deliberate legislative choice. The *Medvidi* court's conclusion that "telephone call" should encompass text messages under Section 227(c) effectively rewrites the statute, a task reserved for Congress. Courts are not empowered to expand statutory language under the guise of interpretation, particularly where Congress has demonstrated its capacity to amend the TCPA and has done so in other subsections.

## II.    CONCLUSION

For the reasons stated above, Plaintiff's Motion should be denied. The proposed supplemental authority—*Wilson v. Medvidi*—is factually distinguishable and legally unsound. *Medvidi* failed to apply the controlling framework set forth in *McLaughlin*, relied on outdated precedent, and did not harmonize with other post-*McLaughlin* decisions such as *Jones* and *Davis*, which reject the application of Section 227(c) to text messages.

Alternatively, if the Court permits filing of the supplemental authority, it should be afforded minimal weight. *Medvidi* is an outlier and offers no persuasive basis for expanding the scope of Section 227(c) beyond its plain text.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Michael J. DePonte*
    Michael J. DePonte
    OBN 35022
    Michael.DePonte@jacksonlewis.com
    500 N. Akard Street, Ste. 2500
    Dallas, TX 75201
    PH: (214) 520-2400
    FX: (214) 520-2008

**ATTORNEY FOR DEFENDANT WORLDWIDE GOLF SHOPS LLC**