IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLDWIDE GOLF SHOPS, LLC<br><br>Defendant. | Civil Action No. 5:25-cv-453-JD |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant's opposition only reinforces why Plaintiff's Motion for Leave should be granted. Plaintiff sought leave to file a short notice identifying one directly relevant, recently decided case—*Wilson v. Medvidi, Inc.*, No. 23-cv-01427, 2025 WL 2856295 (N.D. Cal. Oct. 7, 2025)—that addresses the precise issue before this Court: whether Section 227(c) of the TCPA applies to text messages. Defendant insists Plaintiff should not be permitted to file such a short notice but, at the same time, files a six-page opposition attempting to distinguish *Medvidi*. This inconsistency speaks volumes. If *Medvidi* were truly irrelevant, Defendant would not have expended significant effort briefing against it. Their very opposition demonstrates that the case is both directly on point and significant to the issues before this Court as the Defendant essentially sought to rebrief their motion to dismiss. The stark contrast highlights the reason Plaintiff's request

should be granted: *Medvidi* is significant enough that Defendant feels compelled to confront it in detail, and the Court should be able to consider that authority in full.

Defendant contends *Medvidi* is factually and legally inapposite (ECF No. 36 at 3–5), but their critique mischaracterizes the case and ignores its central holding. In *Wilson v. Medvidi, Inc.*, the Northern District of California expressly rejected the argument that Section 227(c) excludes text messages, reasoning that the TCPA's broad consumer-protective purpose encompasses unwanted text solicitations. *Wilson v. Medvidi, Inc.*, 2025 WL 2856295, at *3–5 (N.D. Cal. Oct. 7, 2025). The *Wilson* Court explained why reading "telephone call" to exclude texts would create an artificial and unsupported limitation on the statute.

Defendant insists that Congress distinguished "calls" and "messages" elsewhere in the TCPA (ECF No. 36 at 4–5). But as *Medvidi* explained, statutory interpretation requires examining context, purpose, and ordinary meaning, not mechanically isolating terms. 2025 WL 2856295, at *4. That analysis is entirely consistent with the Supreme Court's approach to the TCPA, which has long recognized that the Act is a remedial statute warranting broad application. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (noting Congress enacted the TCPA to protect consumer privacy from intrusive solicitations).

Defendant continues to rely on *Jones v. Blackstone Med. Servs., LLC*, No. 1:24-cv-01074-JEH-RLH, 2025 WL 138371 (C.D. Ill. July 21, 2025), and *Davis v. CVS Pharmacy, Inc.*, No. 4:24-cv-477-AW-MAF, 2025 WL 167366 (N.D. Fla. Aug. 26, 2025), to argue that a "consensus" has developed excluding text messages from Section

1

227(c) (ECF No. 36 at 2–3). But the existence of *Medvidi* shows precisely the opposite: there is no consensus. Courts remain divided, and *Medvidi* expressly considered and rejected the reasoning of *Jones* and *Davis*. 2025 WL 2856295, at *5. Defendant's reliance on a supposed "majority" is simply an attempt to obscure that there is an active and evolving split of authority. Where authority is divided, it is particularly appropriate for Plaintiff to bring the Court's attention to newly decided, directly relevant precedent. Denying Plaintiff the opportunity to file a short notice while allowing Defendant to file a six-page opposition attacking that authority would be inequitable and would deprive the Court of the benefit of a complete and accurate record.

      Defendant's opposition makes Plaintiff's point for him. Plaintiff sought only to file a brief notice identifying one newly decided, directly relevant case. Defendant responded with six pages of substantive argument, underscoring the importance of *Medvidi* and why the Court should have the opportunity to consider it. If the case were truly immaterial, Defendant would not have dedicated substantial briefing to trying to minimize it.

      The truth is straightforward: *Medvidi* was correctly decided, its reasoning is consistent with the plain text and remedial purpose of the TCPA, and it squarely addresses the same arguments Defendant advances here. Defendant's authorities do not establish a consensus; they merely reflect that the issue is contested. The Court should resolve that dispute with the benefit of the most current and persuasive guidance.

Dated: October 17, 2025

/s/ *Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com