# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WORLDWIDE GOLF SHOPS, LLC, )<br><br>Defendant. ) | Case No. CIV-25-00453-JD |

## ORDER

Before the Court are (1) Plaintiff Paul Reaves's ("Reaves") Motion for Leave to File Sur-Reply, ("Pl.'s Motion for Leave") [Doc. No. 30]; (2) Defendant Worldwide Golf Shops, LLC's ("WGS") Motion for Leave to File Letter Brief ("Def.'s Motion for Leave") [Doc. No. 33]; and (3) Reaves's Motion for Leave to File Notice of Supplemental Authority ("Pl.'s Second Motion for Leave") [Doc. No. 35]. The parties filed responses and replies, which the Court has reviewed. [Doc. Nos. 31–32, 34, 36–37].

Reaves requests leave to file a sur-reply addressing WGS's arguments regarding amendment futility, Pl.'s Motion for Leave ¶ 2, which arose for the first time in WGS's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint. *See* [Doc. No. 28 at 10] (arguing amendment would be futile). The Court has reviewed the parties' arguments on the matter and concludes that Reaves's proposed sur-reply would assist the Court in adjudicating WGS's Motion to Dismiss. *See* [Doc. No. 23] (WGS's pending Motion to Dismiss).

WGS's Motion for Leave seeks to file a "Letter Brief." Def.'s Motion for Leave at 1. The Court notes that Local Civil Rules 5.2(a) and 7.1(d) prescribe 13-point font and double spacing for all motions and briefs filed before the Court. WGS's Motion for Leave attaches a proposed filing not in compliance with Local Civil Rules 5.2(a) and 7.1(d). *See* Def.'s Motion for Leave, Ex. 1 at 1. WGS's Motion for Leave will be denied without prejudice to refiling.

Reaves's Second Motion for Leave requests "leave to file" a "Notice of Supplemental Authority." Pl.'s Second Motion for Leave at 1.  Local Civil Rule 7.1(l) provides that upon issuance of a "directly relevant . . . new authority" after final briefing deadlines, a "party may file a Notice of Supplemental Authority . . . without leave of court." Further, "[t]he Notice of Supplemental Authority shall not contain any argument but may identify the proposition in filed briefs to which the authority is relevant." LCvR7.1(l). As leave is unnecessary, the Second Motion is moot—Reaves may file any applicable notices of supplemental authority without leave under Local Civil Rule 7.1(l). The Court would caution the parties, however, that unless the authority is precedential, it is likely unnecessary for them to file notices of supplemental authority, as district court orders are not precedent,[1] and the Court will conduct independent research in resolving WGS's Motion to Dismiss. *See* [Doc. No. 23].

---

[1] *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (explaining that a "decision of a federal district judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case" (citation omitted)).

For these reasons, the Court **GRANTS** Plaintiff Reaves's Motion for Leave to File Sur-Reply. [Doc. No. 30]. Reaves shall file his proposed Sur-Reply, which shall not differ from what he attaches as exhibit 1 [Doc. No. 30-1], within **seven (7) days** of this Order or **Friday, November 14, 2025**.

The Court **DENIES** Defendant WGS's Motion for Leave to File Letter Brief, [Doc. No. 33], without prejudice to refiling. The Court further **DENIES AS MOOT** Reaves's Motion for Leave to File Notice of Supplemental Authority. [Doc. No. 35].

IT IS SO ORDERED this 7th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE