**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated, | ) | Civil Action No. 5:25-cv-453-JD |
| Plaintiff, | ) | |
| vs. | ) | |
| WORLDWIDE GOLF SHOPS, LLC | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Paul Reaves respectfully moves under Federal Rules of Civil Procedure 59(e) and 15(a)(2) for an order altering the Judgment entered on September 14, 2026 [Doc. No. 41], reopening this action, and granting Plaintiff leave to file the proposed Second Amended Class Action Complaint attached as Exhibit 1.

The Court dismissed Plaintiff's claim without prejudice and entered judgment on September 14, 2026. [Doc. Nos. 40, 41]. Three days later, Plaintiff filed an amended complaint asserting a claim under the Oklahoma Telephone Solicitation Act of 2022 ("OTSA"), Okla. Stat. tit. 15, §§ 775C.1–775C.6. [Doc. No. 42]. Because judgment had already been entered, the Court struck that pleading. [Doc. No. 43]. Plaintiff now seeks the procedurally required relief from the Judgment and leave to file the proposed amended pleading.

The proposed amendment does not ask the Court to revisit its interpretation of the Telephone Consumer Protection Act. Instead, it asserts a timely Oklahoma statutory claim arising from the same text messages, the same marketing campaign, the same parties, and the same alleged lack of consent already at issue in this action. Allowing that claim to proceed in this case will permit resolution of the parties' dispute on its merits, avoid an unnecessary second action involving the same operative facts, and cause Defendant no unfair prejudice.

Plaintiff states that Defendant opposes the requested relief.

## ARGUMENT

### I. Rule 59(e) provides the procedural mechanism for reopening the case so that the Court may consider the proposed amendment.

The Court entered a separate judgment dismissing this action without prejudice. [Doc. No. 41]. Once judgment has been entered, a plaintiff seeking to amend must first request that the case be reopened under Rule 59(e) or Rule 60(b) and then seek leave under Rule 15(a)(2). Plaintiff has followed that procedure through this combined motion.

This motion is timely because it was filed within 28 days after entry of the Judgment. Fed. R. Civ. P. 59(e). When a district court enters judgment at the same time it first dismisses an action, Rule 59(e) supplies the procedural mechanism, but Rule 15(a)(2) supplies the substantive standard governing the request to amend. In that circumstance, leave should be freely given unless there is undue delay, undue prejudice, bad faith, repeated failure to cure deficiencies, or futility. Here, the Court dismissed Plaintiff's sole claim and entered judgment simultaneously. [Doc. Nos. 40, 41]. Plaintiff

therefore had no post-ruling opportunity to seek leave before judgment was entered. Plaintiff attempted to file the amended pleading only three days later, and he now promptly seeks the relief necessary to place that pleading properly before the Court.

**II. The proposed amendment should be permitted under Rule 15(a)(2).**

Rule 15(a)(2) directs courts to "freely give leave when justice so requires." The purpose of the Rule is to facilitate decisions on the merits rather than dispositions based on pleading technicalities. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). Each relevant consideration favors amendment here.

First, Plaintiff acted promptly. The Court entered judgment on September 14, 2026. Plaintiff filed the proposed amended pleading three days later and filed this motion within Rule 59(e)'s 28-day period. This is not a late-stage amendment sought after discovery or on the eve of trial.

Second, the amendment will cause no undue prejudice. The proposed OTSA claim arises from the same three marketing text messages alleged in the prior pleading. It involves the same sender, recipient, marketing conduct, absence of consent, and automated text-message campaign. Defendant has therefore been aware of the pertinent communications and operative facts throughout this action. Although the proposed pleading invokes a different statute, it does not introduce an unrelated factual controversy.

Third, the amendment is not offered in bad faith. The Court dismissed Plaintiff's TCPA claim because it concluded that 47 U.S.C. § 227(c)(5) does not provide a private right of action for text messages. [Doc. No. 40 at 5–10]. The proposed pleading accepts

that ruling for purposes of proceedings in this Court and instead invokes an Oklahoma statute that directly regulates commercial telephonic solicitations involving automated systems. Plaintiff is seeking a determination of his claim on its merits, not reconsideration of the claim the Court dismissed.

Fourth, allowing amendment will promote judicial economy. Because the Court dismissed the prior claim without prejudice, Plaintiff could file a separate action asserting the OTSA claim. But a second action concerning the same text messages and course of conduct would create unnecessary filing costs and potentially duplicative proceedings. Reopening this case and permitting amendment is the more efficient course and avoids any potential dispute concerning claim splitting.

**CONCLUSION**

Plaintiff respectfully requests that the Court:

1. alter the Judgment [Doc. No. 41] under Rule 59(e) to reopen this action;
2. grant Plaintiff leave under Rule 15(a)(2) to file the proposed Second Amended Class Action Complaint attached as Exhibit 1; and
3. direct Plaintiff to file the Second Amended Class Action Complaint as a separate docket entry within seven days after entry of the Court's order.

Respectfully submitted this 22nd day of September 22, 2026

*/s/ Matthew D. Alison*
Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com

/s/ Anthony I. Paronich
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2026, I electronically submitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing for all registered participants.

/s/ Matthew D. Alison