**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated, | ) | |
| Plaintiff, | ) | Case No: 5:25-cv00453-JD |
| vs. | ) | |
| WORLDWIDE GOLF SHOPS, LLC | ) | |
| Defendant. | ) | |

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**

1. Paul Reaves ("Plaintiff") brings this class action against Worldwide Golf Shops, LLC ("Defendant") under the Oklahoma Telephone Solicitation Act of 2022 ("OTSA"), Okla. Stat. tit. 15 §§ 775C.1–775C.6.

2. Upon information and good faith belief, Defendant routinely violates Oklahoma restrictions and protections regarding commercial telephonic solicitations by: delivering advertisements or marketing text messages to residential or cellular telephone numbers without prior express consent; by not registering as a telemarketer with the Oklahoma Attorney General; and by utilizing an automated system for the selection or dialing of telephone numbers without prior express consent.

**Parties**

3. Plaintiff Paul Reaves is a natural person domiciled in Oklahoma and is therefore a citizen of Oklahoma.

4. Defendant Worldwide Golf Shops, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Santa Ana, California.

**Jurisdiction & Venue**

5. The Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6. The proposed Class contains at least 100 members. Defendant is a major, nationwide retailer that markets and sells golf equipment, apparel, and related products through numerous retail brands, physical locations throughout the United States, and nationwide e-commerce operations.

7. Defendant uses text-message marketing to promote its goods, sales, and special offers to consumers on a mass basis. The promotional messages received by Plaintiff—including their standardized content, formatting, hyperlinks, and transmission from a common sender—are indicative of a centrally managed, automated marketing campaign designed to reach large numbers of consumers simultaneously or in coordinated batches.

8. The precise number of recipients, messages, and transmissions is presently within the exclusive possession and control of Defendant and its text-messaging provider or providers. That information will be reflected in records concerning Defendant's marketing campaigns, recipient lists, transmission logs, delivery records, consent records, link-tracking data, and communications with its messaging vendors.

9. Based on Defendant's nationwide commercial operations, its use of recurring promotional text-message campaigns, the automated and standardized nature of the messages, the duration of the proposed Class Period, and the inclusion of Oklahoma consumers in those

campaigns, Plaintiff alleges upon information and belief that the proposed Class contains substantially more than 100 members.

10. Minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of Oklahoma. Defendant is a limited liability company organized under the laws of Delaware with its principal place of business in California. Under 28 U.S.C. § 1332(d)(10), Defendant is therefore a citizen of Delaware and California for purposes of CAFA. Plaintiff is accordingly a citizen of a State different from every State of which Defendant is a citizen.

11. The claims of the proposed Class members are aggregated under 28 U.S.C. § 1332(d)(6). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs

12. The OTSA authorizes each aggrieved called party to recover actual damages or $500 for each violation, whichever is greater. If a violation was willful or knowing, the Court may, in its discretion, increase the award to no more than three times the otherwise available amount. Okla. Stat. tit. 15, § 775C.6.

13. Upon information and belief, Defendant's recurring text-message marketing campaigns resulted in more than 10,000 actionable text-message solicitations being sent to members of the proposed Oklahoma Class during the Class Period.

14. This allegation is supported by the nationwide scope of Defendant's retail and e-commerce operations, the mass and automated character of the challenged marketing program, the recurring nature of Defendant's promotional messages, and the fact that Plaintiff alone received at least three such messages over a period of several months.

15. At the unenhanced statutory rate of $500 for each violation, 10,001 actionable text messages place $5,000,500 in controversy. Accordingly, the aggregate amount placed in

controversy by the proposed Class exceeds $5,000,000 without including interest, costs, actual damages exceeding the statutory amount, injunctive relief, or any discretionary enhancement for willful or knowing violations.

16. Plaintiff further seeks enhanced damages for any violations proven to have been willful or knowing. Those potential enhanced damages provide additional support for the amount in controversy but are not necessary to satisfy CAFA's $5,000,000 jurisdictional threshold.

17. This Court has personal jurisdiction over Defendant because Defendant purposefully directed the commercial text-message solicitations at issue to Plaintiff and other Oklahoma consumers, and Plaintiff's claim arises directly from Defendant's Oklahoma-directed conduct.

18. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District, including Plaintiff's receipt of Defendant's text messages in this District.

## OTSA Background

19. In 2022, Oklahoma enacted the OTSA (2022 HB 3168, codified at Okla. Stat. tit. 15 §§ 775C.1–775C.6) in response to ongoing, widespread abuses of telemarketing and text-based solicitations.

20. The statute prohibits commercial telephonic solicitations which "involve[] an automated system for the selection or dialing of telephone numbers [. . .] without the prior express written consent of the called party."

21. The OTSA built upon Oklahoma's Telemarketer Restriction Act ("TRA," 2002 SB 950, codified at Okla. Stat. tit. 15 §§ 775B.1–775B.7), enacted two decades prior.

22. The TRA implemented a formal do-not-call registry for individuals desiring to opt out of commercial telephone solicitations.

23. These consumer protections were enacted on top of and in connection with the legislative findings, declarations, and safeguards put in place by the Oklahoma Legislature in 1994, therein requiring all commercial telemarketers operating within – or directing solicitations to – Oklahoma to first register with the Oklahoma Attorney General.

24. The Oklahoma Legislature's findings emphasize Oklahoma's interest in safeguarding its citizens' privacy and providing remedies for invasions of domestic tranquility caused by mass text campaigns.

25. The OTSA authorizes $500 per violation and up to $1,500 for willful or knowing violations, and creates a private right of action for injunctive relief and damages.

**Factual Allegations**

26. Plaintiff's telephone number, 405-XXX-XXXX, is on the National Do Not Call Registry and has been registered there since 2017.

27. The Plaintiff's telephone number is used for residential purposes and is not associated with a business.

28. The Plaintiff's telephone number is assigned to a residential telephone exchange service for consumers, not a telephone exchange service for businesses.

29. The Plaintiff uses the telephone number for personal, family, and household purposes.

30. Mr. Reaves nonetheless received at least three telemarketing text messages from the Defendant between December 2023 and April 2024, which are below:




31. Based upon the content of the messages including but not limited to: formatting, use of shortcode hyperlinks, uniform introduction, and use of emojis and, further, upon information and belief, Defendant utilized "an automated system for the selection or dialing of" Plaintiff's

phone number, despite lacking Plaintiff's consent and despite Plaintiff being on the DNC registry. *See* 15 O.S. §775C.3(A).

32. The Plaintiff contacted the Defendant regarding the text messages received.

33. The Plaintiff received no response.

34. Plaintiff's privacy has been violated by the above-described telemarketing calls.

35. Plaintiff never provided his consent or requested the telemarketing solicitations. Thus, the solicitations were all unwanted, nonconsensual encounters.

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## **Class Action Statement**

37. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

39. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All natural persons who, during the two years preceding the filing of this action through the date of class certification, (1) were residents of Oklahoma or received a covered commercial telephonic sales call at a telephone number with an Oklahoma area code; (2) received a text message sent by or on behalf of Defendant promoting Defendant's goods or services; (3) where the text message involved the same automated system used to select or dial Plaintiff's telephone number.

40. Plaintiff is a member of, and will fairly and adequately represent and protect the interests of, the Class as he has no interests that conflict with any of the Class members.

41. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

42. Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

43. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the thousands.

44. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

47. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant systematically made multiple telephone calls or text messages to members of the Oklahoma Class;

b. Whether Defendant made telephone solicitations to Plaintiff and/or the Oklahoma Class without first obtaining prior express written consent;

c. Whether Defendant made telephone solicitations to Plaintiff and/or the Oklahoma Class without first ensuring the individuals and their respective phone number were not on any do-not-call registry;

d. Whether Defendant was properly registered with the Office of the Attorney General to conduct the telemarketing at issue; and

e. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

48. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

49. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The sole question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

50. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

51. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Oklahoma Telephone Solicitation Act (OTSA), Okla. Stat. tit. 15 §§ 775C.1–775C.6**

**(On Behalf of Plaintiff and the Class)**

53. Plaintiff incorporates the above paragraphs as though fully set forth here.

54. Defendant made or knowingly allowed commercial telephonic sales calls in the form of promotional text messages to Plaintiff and the Class.

55. The messages involved an automated system for the selection or dialing of telephone numbers.

56. Plaintiff and the Class members did not provide Defendant the prior express written consent required by Okla. Stat. tit. 15, § 775C.3(A).

57. Each challenged text message constitutes a separate violation of the OTSA.

58. Plaintiff and the Class members are called parties aggrieved by Defendant's violations and are entitled to the relief authorized by Okla. Stat. tit. 15, § 775C.6.

59. Defendant's violations were willful or knowing for the reasons alleged above, permitting the Court, in its discretion, to increase the award to no more than three times the amount otherwise available

## Prayer for Relief

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certify the proposed Class under Federal Rule of Civil Procedure 23 and appoint Plaintiff as Class representative and his counsel as Class counsel;

B. Declare that Defendant violated the OTSA;

C. Award Plaintiff and the Class actual damages or $500 for each violation, whichever is greater;

D. Award enhanced damages to the extent authorized by Okla. Stat. tit. 15, § 775C.6(B);

E. Enter appropriate injunctive relief upon proof of the requirements of Article III, Rule 23(b)(2), and the OTSA;

F. Award recoverable costs and any other monetary relief authorized by law; and

G. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: _______________

*/s/ proposed*
Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of _________, 2026, I electronically submitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing for all registered participants.

*/s/ proposed*