**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of all persons and entities similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:25-CV-00453-JD |
| | § | |
| WORLDWIDE GOLF SHOPS LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WORLDWIDE GOLF SHOPS LLC'S RESPONSE IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT**

Defendant Worldwide Golf Shops LLC ("WGS") files this response in opposition to the Motion to Alter or Amend the Judgment and for Leave to File Second Amended Class Action Complaint ("Motion," ECF No. 44) filed by Plaintiff Paul Reaves ("Plaintiff") and shows:

## I. INTRODUCTION

Plaintiff lost. After more than 15 months of litigation, a motion to dismiss the original complaint, an amendment as of right, a fully briefed second motion to dismiss with a response, reply, and court-authorized sur-reply, and an embedded (and improper) request for leave to amend, the Court dismissed Plaintiff's sole claim under the Telephone Consumer Protection Act ("TCPA") and entered final judgment. [ECF Nos. 40, 41]. Plaintiff does not contend that the Court got anything wrong. He identifies no intervening

change in controlling law, no newly discovered evidence, and no clear error. [ECF No. 44 at 1-4]. Instead, he asks the Court to vacate a final judgment so he can start an entirely new lawsuit—under a different statute, with a different jurisdictional basis, different elements, and a different putative class—inside this closed case. That is not what Rule 59(e) is for. Rule 59(e) is an extraordinary remedy reserved for correcting genuine errors, not a reset button that allows a losing plaintiff to test a backup theory he could have pleaded from the outset. Plaintiff had every fact and every legal theory he now advances in hand on day one. He chose not to use them. The Tenth Circuit does not permit plaintiffs to use the Court as a sounding board to discover the holes in their case and then try again after judgment. *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087-88 (10th Cir. 2005). Even if Plaintiff could satisfy Rule 59(e), leave should be denied because he unduly delayed in asserting the OTSA claim and the proposed amendment is futile.

**<u>Background</u>**

Plaintiff filed this putative class action on April 21, 2025, alleging that WGS violated the TCPA by sending him "at least three telemarketing text messages" between December 2023 and April 2024 to a telephone number registered on the National Do Not Call Registry since 2017. [ECF No. 1 ¶¶ 17, 21, 25]. On July 16, 2025, Defendant moved to dismiss the original complaint. [ECF. No. 20]. Two days later, Plaintiff amended as of right. [ECF No. 21]. WGS again moved to dismiss Plaintiff's first amended complaint. [ECF No. 23]. Plaintiff opposed Defendant's motion and argued in the alternative that he should be granted leave to amend to assert a new claim under the Oklahoma Telephone

Solicitation Act ("OTSA"), a state law analog to the TCPA. [ECF No. 27]. WGS opposed amendment. [ECF No. 28]. Multiple filings ensued [ECF No. 38 at 1], and the Court ultimately denied Plaintiff's request for leave to amend as procedurally improper because it was not made by motion and did not include the proposed amended pleading. [ECF No. 40 at 9 n.6]. The Court dismissed and entered judgment. [ECF Nos. 40-41].

Plaintiff thereafter filed his second amended complaint without a motion. [ECF No. 42]. The Court struck it. [ECF No. 43]. Then Plaintiff filed his Motion to Alter or Amend the Judgment and for Leave to File Second Amended Class Action Complaint ("Motion") and attached his Second Amended Class Action Complaint ("Third Complaint"). [ECF Nos. 44 through 44-1]. Plaintiff's Motion and Third Complaint seek to assert just one cause of action against WGS under OTSA. [*Id.*].

## II. ARGUMENT

The Court should deny the Motion. Plaintiff has not satisfied the legal requirements to be entitled to relief from judgment. And his attempt to assert an entirely new cause of action under OTSA, after having lost his claim under the TCPA, is "too little, too late."

### A. <u>No basis to alter or amend judgment</u>.

Plaintiff relies on Fed. R. Civ. P. 59(e) to request that the Court set aside its judgment entered after granting WGS's motion to dismiss. [ECF No. 44 at 1-2]. According to Plaintiff, he is entitled to relief from the judgment because the Court dismissed his sole claim while simultaneously entering judgment, giving him no post-ruling opportunity to seek leave to amend. [*Id.* at 2-3]. Plaintiff misses the point. Plaintiff had every pre-ruling

opportunity to amend, including as a matter of right when Plaintiff filed his first amended complaint nearly 15 months ago.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Granting such a motion "is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber v. Colorado*, 562 F.3d 1222, 1228 (10th Cir. 2009). It requires a showing of: 1) an intervening change in controlling law; 2) new evidence previously unavailable; or 3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *but see Yellow Corp. v. Int'l Bhd. of Teamsters*, No. 24-3111, 2025 U.S. App. LEXIS 28943, at *15 (10th Cir. Nov. 5, 2025) (holding Rule 15(a)(2) standards are applicable to evaluating Rule 59(e) motions when judgment is entered with a *first* motion to dismiss and no opportunity to seek amendment had been given). A motion for reconsideration is *not* appropriate for revisiting or advancing "arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. Denials of motions for reconsideration are reviewed for an abuse of discretion. *Barber*, 562 F.3d at 1228.

Plaintiff has failed to show there is any basis to alter or amend the judgment. He identifies no change in controlling law. He identifies no new evidence that was previously unavailable. And he points to no clear error or need to prevent manifest injustice.

Instead, he points merely to his own desire to repackage his claim as arising under OTSA based on the same facts that failed under his TCPA claim. As he puts it:

> The proposed OTSA claim arises from the same three marketing text messages alleged in the prior pleading. It involves the same sender, recipient, marketing conduct, absence of consent, and automated text-message campaign.

[ECF No. 44 at 3].[1] He therefore seeks to advance "arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. Indeed, the Tenth Circuit has held that the relief Plaintiff requests here – to amend his pleading to bring the same claim under a different statute – is not an adequate basis for seeking leave to alter or amend a judgment. *See Miller v. Kan. Highway Patrol*, 383 F. App'x 813, 815 (10th Cir. 2010) (holding a request to "bring the same claim under a different statute" did not implicate manifest errors of law or newly discovered evidence).

Plaintiff's Motion fails to meaningfully engage with the applicable legal requirements. And his failure to show a basis to alter or amend the judgment is not a technicality to be overlooked or to be analytically collapsed with his request for leave to file yet another amended complaint. The Court need not reach the latter issue until Plaintiff has cleared the former bar. *See Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) ("As the district court correctly determined, once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated. . . ."). And where, as here, "Plaintiff alleged the same facts in both his original complaint and amended complaint, and all the allegations raised in the amended complaint either were or could have been raised in the original complaint," reopening is not available. *Id.* (analyzing the

[1] Notably, and despite Plaintiff's current assertions to the contrary, Plaintiff's original complaint and first amended complaint only include a claim under the TCPA for allegedly contacting Plaintiff when he was listed on the National Do Not Call Registry.

issue under Fed. R. Civ. P. 60(b)). This Court should therefore deny Plaintiff's Motion in its entirety based on his failure to show an adequate basis to alter or amend the judgment.

**B. <u>Request for leave to amend is too little, too late</u>.**

Even if the Court does not dispose of the Motion based solely on the failure to show a basis to alter or amend the judgment, he still has not shown an adequate basis for his request for leave to amend. He argues leave to amend should be granted freely, he acted promptly, there will be no undue prejudice to WGS, the amendment is not offered in bad faith, and it will promote judicial economy. [ECF No. 44 at 3-4].

When amendment is no longer allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Denials of motions for leave to amend are reviewed for an abuse of discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

The Court should deny Plaintiff's motion for leave to amend. "Undue delay" is a basis for denying a motion to amend. *Id.* at 1205. When determining whether delay is undue, the primary focus is "on the reasons for the delay." *Id.* at 1206. Leave is properly denied "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

That is exactly the case here. As WGS has already noted, Plaintiff attempts to raise an OTSA claim in an attempt to salvage his lost TCPA claim. Indeed, Plaintiff's OTSA claim is predicated entirely on the same facts as his TCPA claim [ECF No. 44 at 3];

however, he chose not to raise the OTSA claim in his original Class Action Complaint [ECF No. 1] or First Amended Class Action Complaint [ECF No. 21]. But he cannot use Rule 15 to make his complaint "a moving target," "salvage a lost case by untimely suggestion of new theories of recovery," or present "theories seriatim" in an effort to avoid dismissal. *Minter*, 451 F.3d at 1206 (citations omitted).

Plaintiff's contrary arguments do not show otherwise. He starts by pointing to the language of Fed. R. Civ. P. 15(a)(2) allowing amendment "freely…when justice so requires." [ECF No. 44 at 3]. But "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *Horn v. Salvation Army*, No. 23-2009-DDC-ADM, 2024 U.S. Dist. LEXIS 142820, at *12 (D. Kan. Aug. 12, 2024). Attempting to add "new…claims" through a Rule 59(e) and Rule 15(a) motion is "too little, too late." *Id.*

Next, he asserts he "acted promptly" [ECF No. 44 at 3], but this is the wrong standard for measuring undue delay; the focus is on the reasons. *Minter*, 451 F.3d at 1206. Plaintiff has provided none. In any event, he measures his delay from the entry of judgment. That may be relevant to his motion to alter or amend the judgment, but it is not relevant to undue delay. Moreover, the delay was not "three days" – when properly measured from the initial complaint on April 21, 2025, the delay was over 15 months [ECF Nos. 1, 44].

Undue delay alone is a sufficient basis to deny a motion for leave to amend. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).

But Plaintiff contends the amendment will cause "no undue prejudice" because it does not raise new facts. [ECF No. 44 at 3]. But a typical fact pattern for undue prejudice is that the amendment will affect the non-movant in preparing a response to the amendment. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). And in that regard, while Plaintiff may allege the facts are the same, WGS has already responded to Plaintiff's OTSA claim twice and should not be required to do so again. [ECF Nos. 31 at 1-4, 39 at 2].

Plaintiff also argues his proposed amendment is not offered in bad faith because he just wants "a determination of his claim on its merits…." [ECF No. 44 at 3-4]. The problem with this argument is that he did not have an OTSA claim in his initial or first amended complaints [ECF Nos. 1, 21], and only sought to include such a claim when it became evident his TCPA claim would be dismissed. The Tenth Circuit has expressed skepticism of the motives behind requests for leave to amend under similar circumstances. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

Finally, Plaintiff incorrectly concludes that allowing the amendment would promote judicial economy because Plaintiff will not have to refile. To the contrary, including the OTSA claim in the initial pleading and allowing the Court to address it along with Plaintiff's TCPA claim would have promoted judicial economy by avoiding multiple motions, responses, and replies, only for the Court to then be confronted with Plaintiff's current Motion. What Plaintiff is really advocating for is his own economy, not the Court's – and certainly not Defendant's, who has had to spend extensive time and money to address claims which could have, and indeed should have, been brought over 15 months ago.

Because Plaintiff "failed to include" the OTSA claim "in his original or first amended complaint, the motion to amend is subject to denial." *Leatherwood v. Rios*, 705 F. App'x 735, 740 (10th Cir. 2017) (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

**C. <u>Amendment would be futile</u>.**

Finally, futility is an independent basis to deny leave to amend. *Id.* WGS has already shown such an amendment would be futile [ECF Nos. 28 at 11, 31 at 1-4]. To briefly reiterate, OTSA prohibits the use of autodialing systems, restricts calls made before 8:00 a.m. or after 8:00 p.m., and prohibits calls that conceal caller identification. *See* OTSA § 775C.3-4. It also bars a commercial telephone seller from making three or more solicitations within a twenty-four-hour period. *See* OTSA § 775C.4(A)(2). None of these provisions apply here: the text messages were sent based on the prior subscriber's consent, not via autodial; they were sent between 12:45 p.m. and 4:15 p.m.; and they were spread over several months—not clustered within a single day. [ECF No. 44-1 ¶ 30]. And there are further reasons amendment would be futile, even setting aside the lack of jurisdiction over an OTSA claim here.[2]

[2] The SAC rests federal jurisdiction entirely on CAFA. [ECF No. 44-1 ¶¶ 5, 10-16]. CAFA requires an amount in controversy exceeding $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6). The SAC's amount-in-controversy theory is pure extrapolation, alleging "upon information and belief" that more than 10,000 actionable messages went to Oklahoma class members. [ECF No. 44-1 ¶¶ 13, 15]. The sole factual support offered is that Defendant is a large nationwide retailer and that "Plaintiff alone received at least three such messages over a period of several months." *[Id.* ¶ 14]. Neither fact says anything about how many Oklahomans received text messages from Defendant, how many of those messages involved an automated system for selecting or dialing numbers, or how many recipients lacked prior express written consent. This is entirely conclusory. Without CAFA, no basis for federal jurisdiction remains; the Court should decline to exercise supplemental jurisdiction where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3)*; Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

*1. No plausible allegation of an autodialer.*

As an initial matter, there is no plausible allegation that WGS sent the texts via an "automated system for the selection or dialing of telephone numbers" as required by OTSA. 15 O.S. § 775C.3(A). The SAC's only factual allegation on that element is that, "[b]ased upon the content of the messages including but not limited to: formatting, use of shortcode hyperlinks, uniform introduction, and use of emojis and, further, upon information and belief," Defendant used an automated system. [ECF No. 44-1 ¶ 31]. Those features describe what the messages said, not how they were selected or dialed. This is precisely the kind of threadbare recital of the elements of a claim that is insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

OTSA does not define an "automated system for the selection or dialing of telephone numbers." *Cf.* 15 O.S. § 775C.2. Notably, however, the Supreme Court rejected a similarly expansive reading of the TCPA's autodialer definition precisely because it would sweep in virtually all modern devices capable of storing and sending to numbers. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 405-06 (2021). Whatever the precise contours of OTSA Section 775C.3(A), an allegation that a text message contains emojis and a hyperlink does not plausibly show that it was sent using an automated system for the selection or dialing of telephone numbers.

*2. The SAC shows WGS is an exempt retail establishment.*

OTSA has several exemptions implicated by the SAC. Among them is "[a] person who has been operating, for at least one (1) year, a retail business establishment under the

same name as that used in connection with telemarketing" where "products are displayed and offered for sale . . . at the business establishment" and "a majority of the seller's business involves the buyer obtaining such products or services at the seller's location." 15 O.S. § 775C.5(21). The SAC affirmatively alleges that Defendant is a "major, nationwide retailer" that sells golf equipment and apparel through "physical locations throughout the United States." [ECF No. 44-1 ¶ 6]. Plaintiff thus pleads himself squarely into the territory of the retail-establishment exemption, yet the SAC alleges nothing to take Defendant outside it. Likewise, 15 O.S. § 775C.5(20) exempts solicitations to consumers who have "an existing business relationship with or who have previously purchased from the business enterprise," and the SAC is silent on whether Plaintiff, who alleges he "contacted the Defendant regarding the text messages," [ECF No. 44-1 ¶ 32], had any prior relationship with Defendant. Where the facts alleged in a complaint themselves establish or strongly suggest an exemption, a plaintiff must plead facts making his entitlement to relief plausible notwithstanding it. The SAC does not.

*3. Do-Not-Call and registration theories not actionable under OTSA.*

The SAC also alleges that Defendant failed to register as a telemarketer with the Oklahoma Attorney General and contacted persons on a do-not-call registry. [ECF No. 44-1 ¶¶ 2, 26, 47(c)–(d)]. Neither theory states a claim under the OTSA. Its private right of action, 15 O.S. § 775C.6, is limited to violations of the OTSA itself, and Section 775C.3(A) contains no registry or registration element. Oklahoma's do-not-call protections reside in the separate Telemarketer Restriction Act, 15 O.S. § 775B.1, and its registration

requirements in 15 O.S. § 775A.3; violations of those provisions are enforced through the Attorney General and the Oklahoma Consumer Protection Act, *see id.* § 775A.4, not through OTSA's private remedy. Indeed, the SAC itself acknowledges that the OTSA "built upon" those separate enactments. [ECF No. 44-1 ¶¶ 21–23]. To the extent the SAC seeks to recover for do-not-call or registration violations, it is futile on its face.

In summary, the amendment would be futile because it provides no more than a conclusory allegation as to a central element of an OTSA claim, implicates two exemptions under OTSA, and seeks recovery under theories that are not amenable to a private right of action. This Court should deny Plaintiff's motion for leave to amend due to futility.

## III. CONCLUSION AND PRAYER

As set forth above, WGS respectfully requests that the Court deny Plaintiff's Motion. Plaintiff knew of the facts underlying his OTSA claim throughout the course of proceedings. He waited to see which way the winds were blowing on his TCPA claim and, after dismissal, attempted to repackage it as an OTSA claim. Such actions do not provide a basis to alter or amend the judgment or to grant further leave to amend. Independently, the requested relief should be denied because the proposed amendment is futile.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Michael J. DePonte*
Michael J. DePonte
OBN 35022
Michael.DePonte@jacksonlewis.com
500 N. Akard Street, Ste. 2500
Dallas, TX 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEY FOR DEFENDANT WORLDWIDE GOLF SHOPS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2026, the undersigned counsel filed the foregoing document through the CM/ECF system, requesting that the following counsel be served by electronic means:

Matthew D. Alison
OBN 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, Ste 200
Tulsa, OK 74120
T (918) 347-6169
matthew@iaelaw.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, PC
350 Lincoln St, Ste 2400
Hingham, MA 02043
T (508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff Paul Reaves, individually and on behalf of a class of all persons and entities similarly situated*

By: */s/ Michael J. DePonte*
Michael J. DePonte