**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAUL REAVES, individually and on behalf of a class of all persons and entities similarly situated, | ) | Civil Action No. 5:25-cv-453-JD |
| Plaintiff, | ) | |
| vs. | ) | |
| WORLDWIDE GOLF SHOPS, LLC | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Paul Reaves ("Plaintiff") submits this Reply in support of his Motion to Alter or Amend the Judgment and for Leave to File Second Amended Class Action Complaint (ECF No. 44) and in response to Defendant Worldwide Golf Shops, LLC's ("Defendant") opposition (ECF No. 45).

## INTRODUCTION

Defendant's opposition rests on the premise that Plaintiff waited until after judgment to identify a new theory of recovery and now seeks to revive a case that was conclusively resolved on its merits. Neither premise accurately describes the procedural history.

Plaintiff expressly identified the Oklahoma Telephone Solicitation Act ("OTSA") as an alternative basis for relief in September 2025, approximately one year before the Court ruled on Defendant's motion to dismiss. Defendant addressed that proposed claim in its reply supporting dismissal and again in its opposition to Plaintiff's request to file a sur-reply. ECF Nos. 28, 31. Thus, the OTSA theory was neither concealed from Defendant nor raised for the first time following judgment.

When the Court ultimately dismissed Plaintiff's Telephone Consumer Protection Act ("TCPA") claim, it did so without prejudice. ECF No. 40 at 10. The Court separately explained that Plaintiff's request to amend, included in his opposition brief, was procedurally improper because Plaintiff had not filed a formal motion accompanied by the proposed pleading. *Id.* at 9 n.6. The Court did not determine that an OTSA claim was legally insufficient.

Plaintiff thereafter filed a formal motion accompanied by the proposed amended complaint, seeking to assert the previously disclosed OTSA claim. Plaintiff initially

pursued a nationwide TCPA class action because adding an overlapping Oklahoma subclass would have unnecessarily complicated certification and discovery. Once Defendant challenged the TCPA claim, Plaintiff disclosed the alternative OTSA theory. These circumstances establish a reasonable explanation for the timing of the amendment, without undue prejudice or bad faith.

## ARGUMENT

### I. Relief from the Judgment Is Appropriate to Permit Consideration of Plaintiff's Previously Disclosed OTSA Claim.

Defendant correctly observes that amendment following entry of final judgment requires relief from that judgment. But that procedural requirement does not resolve whether relief should be granted in the circumstances presented.

The Tenth Circuit has recognized that a party ordinarily cannot amend a complaint after judgment without first obtaining relief from the judgment. *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087–88 (10th Cir. 2005). Plaintiff has complied with that requirement by expressly moving under Rule 59(e), rather than attempting to file an amended pleading as of right following the Court's notice.

Defendant relies heavily on *Tool Box*, but its facts are materially different. There, the plaintiff pursued litigation through summary judgment and an appeal, obtained an adverse decision from the Tenth Circuit sitting *en banc*, and only then attempted to assert an alternative constitutional theory. *Id.* at 1085–87. The proposed theory had not been pursued in the prior district court proceedings, and the plaintiff offered no adequate explanation for failing to assert it earlier. *Id.*

Here, Plaintiff identified the OTSA claim before judgment. Defendant expressly addressed that claim in September 2025. ECF Nos. 28, 31. Unlike the plaintiff in *Tool Box*, Plaintiff did not wait until an adverse appellate decision to disclose a previously unmentioned legal theory. Nor did this Court adjudicate the merits of the OTSA claim. The Court held that the TCPA's private right of action under § 227(c)(5) did not encompass the text messages alleged in Plaintiff's complaint. ECF No. 40 at 9. Its separate discussion of Plaintiff's request to amend concerned compliance with Rule 7(b), LCvR7.1(c), and LCvR15.1. *Id.* at 9 n.6. The dismissal was expressly without prejudice. *Id.* at 10.

Plaintiff does not seek reconsideration of the Court's TCPA ruling. Rather, he seeks relief from the judgment to assert a previously disclosed OTSA claim that the Court never adjudicated. Defendant itself cites *Yellow Corp. v. International Brotherhood of Teamsters*, No. 24-3111, 2025 U.S. App. LEXIS 28943 (10th Cir. Nov. 5, 2025), recognizing the applicability of Rule 15(a)(2) standards to certain post-judgment amendment requests. ECF No. 45 at 4. Although Plaintiff previously amended his TCPA complaint, the Court has never considered a procedurally proper motion to assert the OTSA claim. Permitting amendment would leave the Court's TCPA ruling undisturbed.

## II. Plaintiff Has Provided a Reasonable Explanation for the Timing of the Amendment.

Defendant's principal Rule 15 argument is undue delay. According to Defendant, Plaintiff knew the relevant facts when the litigation commenced and therefore should have included the OTSA claim in his original or first amended complaint. But the Tenth Circuit has explained that the analysis focuses primarily on the reasons for the delay, rather than

merely the amount of time that has elapsed. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205–07 (10th Cir. 2006). The pertinent question is whether the moving party has provided an adequate explanation for the timing of the proposed amendment. *Id.* at 1206–07.

Plaintiff has such an explanation.

Plaintiff originally brought this case as a nationwide class action under the TCPA, challenging Defendant's alleged practice of transmitting unsolicited marketing text messages. An OTSA claim would have concerned a substantially narrower group of Oklahoma recipients whose claims overlapped with those of the proposed nationwide TCPA class. Had Plaintiff asserted both claims initially, the OTSA theory would effectively have required an Oklahoma subclass within the broader nationwide action, introducing additional state-law issues and potentially complicating class certification and discovery.

Once Defendant challenged the viability of the TCPA claim, Plaintiff expressly identified the OTSA as an alternative basis for recovery. Defendant responded to that proposed claim in its September 2025 filings. ECF Nos. 28, 31. The issue therefore arose well before judgment, even though Plaintiff did not then file a formal Rule 15 motion as he awaited the Court's decision. *Minter* illustrates why those circumstances matter. Although the proposed amendment there arose late in the proceedings, the Tenth Circuit concluded that the plaintiff had provided an adequate explanation for the timing and that the amendment should not have been rejected as unduly delayed. 451 F.3d at 1206–07. The Court distinguished cases involving plaintiffs who offered no adequate justification for waiting to assert an available claim. *Id.*

Defendant's reliance on *Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994), does not compel a different result. There, the plaintiff attempted to assert a different constitutional theory after an adverse summary-judgment ruling, despite having already amended his complaint and having had an opportunity to pursue the theory earlier. *Id.* at 1026–27. The Tenth Circuit was concerned with a litigant presenting successive theories after the previous theories had failed.

Unlike *Pallottino*, Plaintiff disclosed the alternative claim before judgment (and before the commencement of any discovery), and the Court never adjudicated its merits. ECF No. 40 at 9 n.6. Plaintiff is not presenting successive undisclosed theories following adverse merits rulings. He seeks to assert a previously identified claim through the formal procedure required by the Court.

**III. Defendant Has Not Demonstrated Undue Prejudice.**

Defendant argues that allowing amendment would be prejudicial because it has already responded to the OTSA theory and would be required to do so again. ECF No. 45 at 8. But prejudice is the most important consideration under Rule 15, and the inquiry concerns whether amendment unfairly impairs the opposing party's ability to defend the action; a defendant's obligation to defend itself against a claim—absent some impairment—is simply not enough. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207–08 (10th Cir. 2006).

Defendant identifies no lost evidence, unavailable witness, completed discovery requiring repetition, or imminent trial that would be disrupted. Instead, its acknowledgment that it already briefed the OTSA theory establishes that it had actual notice of the proposed

claim. ECF Nos. 28, 31. The amendment concerns the same text-message campaign underlying the original complaint and does not introduce unrelated transactions or defendants. Defendant remains free to assert applicable defenses and challenge class certification. Because the case was dismissed at the pleading stage, permitting amendment would not disturb any substantive determination concerning the OTSA claim. The ordinary expense of responding to an amended complaint does not establish undue prejudice.

## IV. The Proposed Amendment Is Not Futile.

Defendant alternatively contends that the proposed OTSA claim would be futile because Plaintiff has not adequately alleged an automated system, Defendant supposedly qualifies for statutory exemptions, and certain allegations concerning do-not-call and registration requirements do not support a private action. Defendant also questions the amount in controversy under the Class Action Fairness Act ("CAFA").

These arguments do not establish that amendment should be denied.

### 1. Plaintiff plausibly alleges the use of an automated system for selecting or dialing telephone numbers.

Defendant argues that Plaintiff's allegations concerning the content and format of the text messages do not plausibly establish the use of an automated system for selecting or dialing telephone numbers under 15 O.S. § 775C.3(A). But Plaintiff does not rely solely on the presence of emojis or hyperlinks. The proposed complaint alleges that Defendant transmitted substantially uniform promotional text messages and that the messages' characteristics, including their standardized formatting, introductions, and links, support the inference that Defendant employed an automated system in selecting or dialing

recipients. *See Davis v. Coast Dental Servs., LLC*, 8:22-cv-941-KKMTGW, 2022 U.S. Dist. LX 165475, at *5 (M.D. Fla. Sept. 13, 2022) (plaintiff would have stated a claim by alleging "information on [the defendant's] website indicating that messages are sent through automated systems, information regarding the formality of the message, or information regarding the phone number from which the message was received that could indicate an automated source").

The technical details of Defendant's messaging platform, including the manner in which recipient numbers were selected, uploaded, organized, and transmitted, are information principally within Defendant's possession or that of its messaging vendors. Plaintiff is not required to identify Defendant's proprietary technology or internal operating procedures before obtaining discovery. *See Shelton v. Nat'l Gas & Elec., LLC*, No. 17-4063, 2019 U.S. Dist. LEXIS 59235, at *32-34 (E.D. Pa. Apr. 5, 2019) ("[W]e cannot require a plaintiff to make allegations regarding the technical aspects of a device, including the precise level of human intervention needed to place a call, when he or she has no way of knowing those details prior to discovery.").

Defendant's reliance on *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), also does not establish futility. *Duguid* interpreted the TCPA's specific statutory definition of an automatic telephone dialing system. The OTSA uses different language, prohibiting the use of an "automated system for the selection or dialing of telephone numbers." 15 O.S. § 775C.3(A). The OTSA's disjunctive reference to automated selection or dialing is not identical to the federal definition addressed in *Duguid*. Defendant cannot establish the insufficiency of Plaintiff's OTSA claim merely by invoking a decision construing different

statutory text. At the pleading stage, Plaintiff's allegations concerning the uniform promotional campaign and the automated selection or dialing of recipients provide a sufficient basis to permit the claim to proceed to discovery.

**2. Defendant has not established that the statutory exemptions apply.**

Defendant invokes exemptions for retail establishments and existing business relationships. 15 O.S. § 775C.5(20)–(21). Neither is established by the proposed complaint.

The retail exemption contains specific requirements, including that a majority of the seller's business involve customers obtaining products or services at its locations. Defendant's mere operation of retail stores does not establish those requirements. Likewise, Plaintiff alleges that he neither consented to the challenged messages nor maintained a relationship with Defendant.

Defendant's assertion that a prior subscriber consented to communications does not establish an existing business relationship with Plaintiff. These exemptions present factual issues that cannot be resolved on the pleadings.

**3. The OTSA claim does not depend on a private right of action under separate Oklahoma statutes.**

Defendant argues that allegations concerning do-not-call registration and telemarketer registration cannot independently support a private cause of action under the OTSA. Plaintiff's proposed claim, however, rests on Defendant's alleged violation of the OTSA's restrictions on automated telephone solicitations. See 15 O.S. §§ 775C.3(A), 775C.6. The complaint's discussion of related Oklahoma telemarketing protections provides statutory and factual context. Plaintiff need not establish an independent private

right of action under every statute mentioned in the pleading to maintain a claim for a violation of § 775C.3(A).

To the extent Defendant contends that particular allegations cannot serve as independent bases for damages, that narrower objection does not render the automated-solicitation claim futile. At most, it concerns the permissible scope of the claim or requested relief.

**4. Defendant's CAFA objection does not establish futility.**

Defendant also challenges the proposed complaint's allegations concerning the amount in controversy under CAFA, 28 U.S.C. § 1332(d). The proposed complaint alleges that Defendant transmitted more than 10,000 actionable messages to Oklahoma class members and that statutory damages place more than $5 million in controversy. ECF No. 44-1 ¶¶ 13–15. Defendant argues that Plaintiff lacks detailed information concerning the number of Oklahoma recipients and whether each message was transmitted through an automated system without qualifying consent. But those are precisely the types of facts maintained in Defendant's customer and messaging records.

Plaintiff has alleged a nationwide retail business and a standardized promotional text-message campaign. The number of Oklahoma recipients and messages, the methods of selecting or dialing recipients, and the records of consent are matters that can be tested through discovery. Defendant's challenge identifies factual questions concerning the proposed class and the amount in controversy. It does not establish, on the present record, that Plaintiff's jurisdictional allegations are not specific and plausible necessarily or that the proposed claim cannot proceed.

Furthermore, Defendant's reliance on supplemental-jurisdiction principles does not resolve the issue. Plaintiff invokes CAFA as an independent basis for original jurisdiction over the proposed class action. If CAFA's requirements are satisfied, the dismissal of the TCPA claim does not independently require dismissal of the OTSA claim. Defendant therefore has not established that the proposed amendment is futile for lack of subject-matter jurisdiction.

## CONCLUSION

Plaintiff disclosed the OTSA claim approximately one year before judgment, Defendant addressed it, and the Court declined to consider the earlier amendment request solely on procedural grounds. Plaintiff has provided a reasonable explanation for the timing of the amendment, and Defendant has not demonstrated undue prejudice or futility. Accordingly, Plaintiff respectfully requests that the Court grant his Motion (ECF No. 44), alter or amend the judgment, and grant leave to file the proposed Second Amended Class Action Complaint.

Respectfully submitted this 19th day of October, 2026.

*/s/ Matthew D. Alison*
Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
Tel: (918) 347-6169
matthew@iaelaw.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

(508) 221-1510
anthony@paronichlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, I electronically submitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing for all registered participants.

*/s/ Matthew D. Alison*